Rapallo, J.
This judgment should be affirmed on the ground stated in the opinion of Fancher, J., at General Term. It is clearly established in the case that Brown was and had been for many years the agent of the plaintiffs’ testator in the management of the property in question, and authorized to negotiate its sale. In pursuance of his authority to sell, he, on the 16th of April, 1867, contracted to sell it to one Sudlow, for $17,000, and signed the contract in the name of Bain, his principal. On the following day, April seventeenth, he advised his principal, who resided in Philadelphia, of this sale. On the next day, April eighteenth, Brown was applied to, by one Frankenheim, to purchase the property, and opened a negotiation with him for a sale of it at $25,000. On the nineteenth he closed a bargain with Frankenheim & Kellner for the sale of the property to them at $26,000, and received $500 on account, for which he gave a receipt. On the following Monday, April twenty-second, he’ entered into a formal written contract, in his own name, as | seller, with Frankenheim & Kellner, as purchasers, for the sale of the property to them at that price. On the same day | he received from Sudlow an assignment purporting to be in consideration of $500, whereby Sudlow assigned to him the contract which he held for the purchase of the property at $17,000. Brown, afterward, procured his principal, Bain, to execute deeds of the property to Frankenheim & Kellner, on the representation that Sudlow had assigned to them his contract of purchase. The real facts and the price to be paid by Frankenheim & Kellner were not communicated by Brown to Bain. In the deeds which Brown sent to him for execution and which he executed and intrusted to Brown for delivery, the amount of consideration was left blank, but these blanks were afterward filled up by Brown with sumsamount *288 ing, in the aggregate, to $17,000. On the delivery of these deeds, Frankenheim & Kellner paid to Brown, in cash and mortgages, $26,000, for only $17,000 of which Brown accounted to his principal, Bain—appropriating the difference to his own use.
Assuming that the sale to Sudlow was real and made in good faith, yet when Brown discovered that he could get $9,000 more for the property from another purchaser, and that the first purchaser was willing to surrender his bargain for a trifle, Brown, as a faithful agent, was bound to give to his principal the benefit of the advance, and could not rightfully appropriate it to' himself; he was still acting in the business of his principal, and continued so to do and to correspond with him as such until long afterward when he consummated Ithe sale by the delivery of the deeds and receipt of the purIchase-money.
The motives which induced Sudlow to throw up his purchase were wholly immaterial, and therefore the exception to the exclusion of evidence of the reason assigned by him to Brown, for so doing, is not well taken. The object of the offer was, no doubt, to show that Sudlow did not surrender his contract to Brown in pursuance of any previous understanding that it was held for the benefit of Brown; but, as we have already said, it was not necessary to the plaintiffs’ case to establish that any such previous understanding existed ; and if it had been necessary, Sudlow’s unsworn statement would not have been competent evidence for the purpose of disproving it.
If such a transaction as is exhibited by the undisputed facts of this case could stand for a moment, the well established rules that an agent to sell cannot himself become a purchaser, and that one who undertakes to act for another in any matter, shall not in the same matter act for himself, would be so easy of evasion, and breaches of them so readily covered up by contrivances, that they would cease to be of any practical value. When agents, and others acting in a ' fiduciary capacity, understand that these rules will be rigidly *289 enforced, even without proof of actual fraud, the honest will keep clear of all dealings falling within their prohibition, and those dishonestly inclined will conclude that it is useless to exercise their wits In contrivances to evade it. Thus only can these rules be made useful in promoting fair dealing on the part of agents and trustees, and in preventing frauds.
The principles governing this class of cases and the leading authorities bearing upon them are referred to in the opinion in the Supreme Court, and also in the late case of Dutton v. Willner (52 N. Y., 312).
The judgment should be affirmed with costs»
All concur.
Judgment affirmed.